## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation | ) ) ) | Case: |
| Plaintiff, | ) ) | Judge: |
| v. | ) ) | Mag. |
| The Partnerships And Unincorporated Associations Identified On Schedule "A" | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese limited liability company, ("Plaintiff" or "Baimei"), brings this Complaint against The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" (hereinafter, collectively, "Defendants") who are promoting, selling, offering for sale and distributing goods utilizing a series of design photographs covered by Plaintiff's eight (8) U.S. Federal Copyright Registrations Nos. VA 2-270-357, VA 2-270-532, VA 2-270-548, VA 2-270-545, VA 2-270-544, VA 2-270-547, VA 2-270-546, VA 2-265-759 (hereinafter referred to collectively as "the Hollow Halloween Works"). *See* composite Exhibit One. Defendants are promoting, selling, offering for sale and distributing their products throughout this district utilizing Plaintiff's registered images on various Internet based e-commerce stores using the seller identities as set forth on Schedule "A" (hereinafter referred to collectively as "Seller IDs"). In support of its claims, Plaintiff alleges as follows:

## SUBJECT MATTER JURISDICTION

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. §1338(a) and 28 U.S.C. § 1331-1332.

## PERSONAL JURISDICTION

2. Defendants are subject to personal jurisdiction in the Northern District of Illinois because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, through at least, operating under Seller IDs on the internet based e-commerce stores accessible in Illinois.

3. Defendants are subject to personal jurisdiction in this judicial district because they have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities.

4. Alternatively, Defendants are subject to personal jurisdiction in this District pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction and not residents in the United States and therefore there is no District in which an action may otherwise be brought.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping products depicting Plaintiff's registered designs to consumers into this District.

7. Venue is proper in this court pursuant to 28 U.S.C. §1400(a) because Defendants or their agents are subject to the Court's personal jurisdiction and therefore reside in this District or may be found here.

## INTRODUCTION

8. This action is filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable copyrights by selling and/or offering for sale products utilizing unauthorized and infringing images of Plaintiff's federally registered Hollow Halloween Works.

9. Between August and October of 2021, Plaintiff registered eight (8) Halloween theme product images with the United States Copyright Office.

10. Each of the eight (8) Copyright Registrations are valid, subsisting, and in full force and effect.

11. The Defendants' Seller IDs share unique identifiers, such as design elements and similarities of the products offered for sale utilizing unauthorized and infringing copies of the Plaintiff's Hollow Halloween Works, which establishes a logical relationship between them. Defendants' Seller IDs likewise suggests that their illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities, including the full scope and inner workings of their illegal operations. Plaintiff is forced to file this action to combat

Defendants' acts of copyright infringement. Plaintiff is and continues to be irreparably damaged through consumer confusion, loss of control over creative content and garnishment of its valuable copyrights as a result of Defendants' actions. Plaintiff seeks injunctive and monetary relief against such acts of the Defendants.

## THE PLAINTIFF

12. Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. is a Chinese limited liability company having its principal place of business at Rm. 206, Unit 6, Bldg. 9, Xijingyuefu, Yi Wu, Zhejiang Province, China.

13. Plaintiff is the owner of all rights, titles and interests in and to the Hollow Halloween Works referred to in Exhibit 1. The registrations are valid, subsisting, unrevoked and uncanceled. The registrations of the Hollow Halloween Works constitute *prima facie* evidence of its validity and the Plaintiff's exclusive right to use the Hollow Halloween Works, pursuant to 17 U.S.C. § 410(c).

14. Since 2019, Plaintiff has utilized the Hollow Halloween Works in connection with the advertisement, marketing and sale of retail jewelry in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

15. Plaintiff utilizes the Hollow Halloween Works in connection with the advertisement, marketing and sale of retail jewelry as depicted in the Hollow Halloween Works, through Amazon, EliExpress, eBay, Wish, and other authorized sellers.

16. Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the image series in the Hollow Halloween Works.

17. Due to Plaintiff's persistent marketing efforts utilizing the Hollow Halloween Works, sales of the items depicted in the Hollow Halloween Works have been significant with sales globally, including but not limited to the United States, the United Kingdom, and Canada.

18. Plaintiff began utilizing the Hollow Halloween Works in 2019 and has confirmed sales of the items depicting the Hollow Halloween Works.

19. Revenues and profits generated through utilization of the Hollow Halloween Works to market the items depicted therein have been significant.

20. Each image contained in the Hollow Halloween Works has independent economic value and has generated revenue as depicted and utilized in the sale and distribution of retail goods.

21. Plaintiff controls the content, designs, and images displayed in the Hollow Halloween Works.

22. The Hollow Halloween Works have never been transferred, assigned or licensed to any of the Defendants in this matter.

**THE DEFENDANTS**

23. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

24. Defendants are individuals and businesses who conduct and engage in business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule "A". Each Defendant targets the United States, including Illinois, and has solicited, marketed, promoted, and advertised their products in a manner that violates Plaintiff's rights in its federally protected Hollow Halloween Works.

25. While the Defendants' true identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Defendants have employed tactics to conceal their identities and the full scope of their infringing activities. Consequently, it is virtually impossible for Plaintiff to learn Defendants' true identities and the exact inner workings of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

26. Notwithstanding the lack of precise information, it is well-established that e-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* Exhibit Two, Fiscal Year 2018 U.S. Customs and Border Protection (hereinafter referred to as "CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.* Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id.*

27. Further, third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* Exhibit Three, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as Exhibit Four. Since these platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different

profiles that can appear unrelated even though they are commonly owned and operated. *See* Exhibit Four at 39.

28. On information and belief, Defendants have engaged in fraudulent conduct when registering their internet stores by providing false, misleading and/or incomplete information to Internet based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Defendant Internet Stores to prevent discovery of their true identities and the scope of their counterfeiting and infringement network.

29. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling the products with Plaintiff's designs. Such seller alias registration patterns are one of the many common tactics used by the Defendants to conceal their identities, the full scope and inner workings of their counterfeiting and infringing operations. The concealment of such acts is for the Defendants to avoid being shut down.

30. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating as the Defendant Internet Stores often share unique identifiers, such as templates with common design elements. E-commerce stores operating as the Defendant Internet Stores, or other currently unknown aliases, include other notable common features such as, use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, the same grammatical errors and misspellings, and/or the use of the same text and images. Additionally, the offers for sale and advertisements by the Defendant Internet Stores bear similar irregularities. An indicia of being related to one another and suggests that the Defendants are interrelated.

31. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com and WeChat chat rooms regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

32. Infringers and counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore infringeres regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

33. On information and belief, Defendants, without any authorization or license from Plaintiff, knowingly and willfully used and continue to use the Hollow Halloween Works in connection with the advertisement, distribution, offering for sale, and sale of products over the internet in the United States and Illinois.

34. In sum, Plaintiff's investigation shows that the telltale signs of an illegal infringement ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Internet Stores that have the appearance of being fabricated. Even if a company name appears to be legitimate, a review of the Defendant Internet Stores reveals vague or non-existent company descriptions and descriptions of company purpose. Thus it can be deduced, the Defendant Internet Stores are using fake online storefronts.

35. Defendants' unauthorized advertising, marketing, offering for sale, and displaying of the Hollow Halloween Works, throughout the United States, including Illinois, is irreparably harming Plaintiff.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

36. Plaintiff's success in utilizing the Hollow Halloween Works to market and promote the sale of the retail items depicted therein has resulted in widespread infringement. Plaintiff has identified numerous domain names linked to marketplace listings on e-commerce platforms hosting the Defendant Internet Stores, which were offering, marketing, soliciting, and advertising to consumers in this Judicial District and throughout the United States in a manner that violates Plaintiff's exclusive copyright in the Hollow Halloween Works.

37. Upon information and belief, Defendants facilitate sales by designing the Seller ID's with photographs, depictions, and details of items for retail sale either identical or substantially similar to the Hollow Halloween Works. Many of the Defendants' Seller IDs accept payment in U.S. dollars via credit cards and/or PayPal.

38. Defendants solicit, market, and advertise their products in depictions, presentations, photographs, and/or images that are identical or substantially similar to Plaintiff's protected Hollow Halloween Works.

39. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online stores. For example, to avoid detection, Defendants register their online stores using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller IDs listed in Schedule "A" to the Complaint, as

well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and inner workings of their network in order to avoid being shut down.

40. There are also similarities among the Defendants' online stores. For example, some of the Defendants' internet stores have virtually identical layouts. In addition, the infringing depictions on the Defendants' online stores bear similarities and other indicia of being related to one another.

41. In online copyright infringement cases, such as the Defendants in this case and defendants in other similar cases, use a variety of other common tactics to evade enforcement efforts. For example, pirating copyright infringers like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit by deleting or modifying registration data, it will result in spoliation of evidence and other evidence showing identity of the infringers and the infringing acts.

42. Further, pirating copyright infringers such as Defendants, typically operate multiple credit card merchant accounts or third party payment processors, including but not limited to PayPal accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts.

43. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use Plaintiff's Hollow Halloween Works in products depicted in the advertisements, displays, distribution and offers for sale on their internet stores. Each of the Defendants' online stores offers shipping to the United States, including Illinois and each Defendant has offered to sell retail items into Illinois and this District utilizing unauthorized and infringing images of Plaintiff's Hollow Halloween Works.

44. Defendants' use of the unauthorized and infringing images from the Hollow Halloween Works in connection with the advertising, distributing, offering for sale, and selling of the retail products causes irreparable harm to Plaintiff.

## COUNT ONE:
## COPYRIGHT INFRINGEMENT
## PURSUANT TO 17 U.S.C §101 ET SEQ.

45. Plaintiff incorporates the allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

47. Pursuant to 17 U.S.C. § 411 (a), Plaintiff registered its copyrights for the images in the Halloween Works in the use of advertising, marketing, offering for sale and the distribution of retail products, specifically jewelry. The registrations for the Hollow Halloween Works are valid, subsisting, unrevoked and uncanceled.

48. Defendants directly infringed one or more of Plaintiff's exclusive rights in its federally registered Hollow Halloween Works under 17 U.S.C. § 106.

49. Defendants copied, displayed, utilized and distributed Plaintiff's copyright protected Hollow Halloween Works and/or prepared derivative works based upon Plaintiff's copyright protected Hollow Halloween Works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

50. Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's copyright protected Hollow Halloween Works.

51. Defendants profited from the direct infringement of Plaintiff's exclusive rights in the Hollow Halloween Works under the Copyright Act.

52. Defendants' infringement is not only limited to the acts constituting copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

53. On information and belief, there is a business practice of infringement by Defendants.

54. On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful, wanton and/or reckless disregard of the intellectual property rights of others.

55. Plaintiff has been damaged by the Defendants' acts of copyright infringement.

56. The harm to Plaintiff is irreparable.

57. Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

58. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual and/or statutory damages, including any profits obtained by Defendants attributable to the infringements, pursuant to 17 U.S.C. §504 for Defendants' infringement of the Hollow Halloween Works.

59. Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in prosecuting this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for and in behalf of, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using Plaintiff's copyrighted works in marketing, advertising, soliciting, or displaying, derivative or directly, which is not directly authorized by Plaintiff;

    b. further infringing on the Hollow Halloween Works;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platform, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers"), shall:

    a. disable and cease providing services to engage in the advertisements using the Hollow Halloween Works or derivative works thereof;

    b. take all steps necessary to prevent links to the Seller IDs identified in Schedule "A from displaying in search results, including but not limited to, removing links to the Defendants' sites displaying the Hollow Halloween Works from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have:

    a. willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and

    b. otherwise injured the business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4) Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement, or statutory damages, at Plaintiff's election, for all infringements involved in the action, with respect to any one work, for which any one defendant is liable individually, or for which defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2);

5) Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action;

6) Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

7) Entry of an award of prejudgment interest on the judgment amount;

8) Entry of an Order for any further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 20th of September, 2024.

*/s/ Lydia Pittaway*
Fla. Bar No: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
Fax: +1 212-500-3269
lpittaway@fordbanister.com
*Attorney for Plaintiff*
