**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:24-cv-08704 |
| The Partnerships, and Unincorporated Associations Identified in Schedule "A", | ) ) ) | Honorable Judge Lindsay C. Jenkins |
| Defendants. | ) ) | Magistrate Judge the Honorable Beth W. Jantz |
| | ) ) | |

## DEFENDANTS' ANSWER

Defendants Aonklot, Aouaos Jewelry, choice of all, CHUYUN, Explosion Zing, Frodete, Fun Iland, Harry and Henry, Joctly, Leebreez, Osemind, U Elegant 4 All, and YANCHUN JEWELLRY ("Defendants") file this Answer to Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation's ("Plaintiff") Complaint (Dkt. No. 1).

### ANSWER TO THE UNNUMBERED PARAGRAPH

Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them

### ANSWER TO "SUBJECT MATTER JURISDICTION"

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. §1338(a) and 28 U.S.C. § 1331-1332

Answer: Defendants admit that in this action Plaintiff attempts to assert claims under the Copyright Act 17 U.S.C. § 101, et seq, that this Court has subject matter jurisdiction over such claims. Defendants deny the substance of the alleged claims.

## ANSWER TO "PERSONAL JURISDICTION"

2.      Defendants are subject to personal jurisdiction in the Northern District of Illinois because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, through at least, operating under Seller IDs on the internet based e-commerce stores accessible in Illinois.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them. Defendants deny the substance of the alleged claims.

3.      Defendants are subject to personal jurisdiction in this judicial district because they have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them. Defendants deny the substance of the alleged claims.

4. Alternatively, Defendants are subject to personal jurisdiction in this District pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

Answer: Defendants admit that they are not subject to jurisdiction in any state's court of general jurisdiction. Except as so admitted, the remaining allegations in paragraph 4 are denied. Defendants deny the substance of the alleged claims.

## ANSWER TO "VENUE"

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction and not residents in the United States and therefore there is no District in which an action may otherwise be brought.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them. Defendants deny the substance of the alleged claims.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping products depicting Plaintiff's registered designs to consumers into this District.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them. Defendants deny the substance of the alleged claims.

7.      Venue is proper in this court pursuant to 28 U.S.C. §1400(a) because Defendants or their agents are subject to the Court's personal jurisdiction and therefore reside in this District or may be found here.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them. Defendants deny the substance of the alleged claims.

## ANSWER TO "INTRODUCTION"

8.      This action is filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable copyrights by selling and/or offering for sale products utilizing unauthorized and infringing images of Plaintiff's federally registered Hollow Halloween Works.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

9.      Between August and October of 2021, Plaintiff registered eight (8) Halloween theme product images with the United States Copyright Office.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 9, and therefore deny the same.

10.     Each of the eight (8) Copyright Registrations are valid, subsisting, and in full force and effect.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 10, and therefore deny the same.

11.     The Defendants' Seller IDs share unique identifiers, such as design elements and similarities of the products offered for sale utilizing unauthorized and infringing copies of the Plaintiff's Hollow Halloween Works, which establishes a logical relationship between them. Defendants' Seller IDs likewise suggests that their illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities, including the full scope and inner workings of their illegal operations. Plaintiff is forced to file this action to combat Defendants' acts of copyright infringement. Plaintiff is and continues to be irreparably damaged through consumer confusion, loss of control over creative content and garnishment of its valuable copyrights as a result of Defendants' actions. Plaintiff seeks injunctive and monetary relief against such acts of the Defendants.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them. Defendants deny the substance of the alleged claims and deny that Plaintiff is entitled to any remedy.

## ANSWER TO "THE PLAINTIFF"

12.     Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. is a Chinese limited liability company having its principal place of business at Rm. 206, Unit 6, Bldg. 9, Xijingyuefu, Yi Wu, Zhejiang Province, China.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 12, and therefore deny the same.

13.     Plaintiff is the owner of all rights, titles and interests in and to the Hollow Halloween Works referred to in Exhibit 1. The registrations are valid, subsisting, unrevoked and uncanceled. The registrations of the Hollow Halloween Works constitute prima facie evidence of its validity and the Plaintiff's exclusive right to use the Hollow Halloween Works, pursuant to 17 U.S.C. § 410(c).

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 13, and therefore deny the same.

14.     Since 2019, Plaintiff has utilized the Hollow Halloween Works in connection with the advertisement, marketing and sale of retail jewelry in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 14, and therefore deny the same.

15.     Plaintiff utilizes the Hollow Halloween Works in connection with the advertisement, marketing and sale of retail jewelry as depicted in the Hollow Halloween Works, through Amazon, EliExpress, eBay, Wish, and other authorized sellers.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 15, and therefore deny the same.

16.     Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the image series in the Hollow Halloween Works.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 16, and therefore deny the same.

17.    Due to Plaintiff's persistent marketing efforts utilizing the Hollow Halloween Works, sales of the items depicted in the Hollow Halloween Works have been significant with sales globally, including but not limited to the United States, the United Kingdom, and Canada.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 17, and therefore deny the same.

18.    Plaintiff began utilizing the Hollow Halloween Works in 2019 and has confirmed sales of the items depicting the Hollow Halloween Works.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 18, and therefore deny the same.

19.    Revenues and profits generated through utilization of the Hollow Halloween Works to market the items depicted therein have been significant.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 19, and therefore deny the same.

20.    Each image contained in the Hollow Halloween Works has independent economic value and has generated revenue as depicted and utilized in the sale and distribution of retail goods.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 20, and therefore deny the same.

21.    Plaintiff controls the content, designs, and images displayed in the Hollow Halloween Works.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 21, and therefore deny the same.

22.    The Hollow Halloween Works have never been transferred, assigned or licensed to any of the Defendants in this matter.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 22, and therefore deny the same.

## ANSWER TO "THE DEFENDANTS"

23.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

Answer: Defendants admit that they are being sued as online storefronts. Except as so admitted, the remaining allegations in paragraph 23 directed against Defendants are denied. Defendants deny the substance of the alleged claims. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

24.     Defendants are individuals and businesses who conduct and engage in business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule "A". Each Defendant targets the United States, including Illinois, and has solicited, marketed, promoted, and advertised their products in a manner that violates Plaintiff's rights in its federally protected Hollow Halloween Works.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

25.     While the Defendants' true identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Defendants have employed tactics to conceal their identities and the full scope of their infringing activities. Consequently, it is virtually

impossible for Plaintiff to learn Defendants' true identities and the exact inner workings of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

26.     Notwithstanding the lack of precise information, it is well-established that e-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. See Exhibit Two, Fiscal Year 2018 U.S. Customs and Border Protection (hereinafter referred to as "CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). Id. Over 85% of CBP seizures originated from mainland China and Hong Kong. Id.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

27.     Further, third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." See Exhibit Three, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); see also report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached

as Exhibit Four. Since these platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. See Exhibit Four at 39.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

28.     On information and belief, Defendants have engaged in fraudulent conduct when registering their internet stores by providing false, misleading and/or incomplete information to Internet based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Defendant Internet Stores to prevent discovery of their true identities and the scope of their counterfeiting and infringement network.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

29.     On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling the products with Plaintiff's designs. Such seller alias registration patterns are one of the many common tactics used by the Defendants to conceal their identities, the full scope and inner workings of their counterfeiting and infringing operations. The concealment of such acts is for the Defendants to avoid being shut down.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

30.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating as the Defendant Internet Stores often share unique identifiers, such as templates with common design elements. E-commerce stores operating as the Defendant Internet Stores, or other currently unknown aliases, include other notable common features such as, use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, the same grammatical errors and misspellings, and/or the use of the same text and images. Additionally, the offers for sale and advertisements by the Defendant Internet Stores bear similar irregularities. An indicia of being related to one another and suggests that the Defendants are interrelated.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

31.     On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com and WeChat chat rooms regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

32.     Infringers and counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed,

analysis of financial transaction logs from previous similar cases indicates that off-shore infringeres regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

33.     On information and belief, Defendants, without any authorization or license from Plaintiff, knowingly and willfully used and continue to use the Hollow Halloween Works in connection with the advertisement, distribution, offering for sale, and sale of products over the internet in the United States and Illinois.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

34.     In sum, Plaintiff's investigation shows that the telltale signs of an illegal infringement ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Internet Stores that have the appearance of being fabricated. Even if a company name appears to be legitimate, a review of the Defendant Internet Stores reveals vague or non-existent company descriptions and descriptions of company purpose. Thus it can be deduced, the Defendant Internet Stores are using fake online storefronts.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

35.     Defendants' unauthorized advertising, marketing, offering for sale, and displaying of the Hollow Halloween Works, throughout the United States, including Illinois, is irreparably harming Plaintiff.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

## ANSWER TO "DEFENDANTS' UNLAWFUL CONDUCT"

36.     Plaintiff's success in utilizing the Hollow Halloween Works to market and promote the sale of the retail items depicted therein has resulted in widespread infringement. Plaintiff has identified numerous domain names linked to marketplace listings on e-commerce platforms hosting the Defendant Internet Stores, which were offering, marketing, soliciting, and advertising to consumers in this Judicial District and throughout the United States in a manner that violates Plaintiff's exclusive copyright in the Hollow Halloween Works.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in the first sentence of this paragraph, and therefore deny the same. Defendants deny the allegations of the rest of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations of the rest of this paragraph directed against other entities, and so deny them.

37.     Upon information and belief, Defendants facilitate sales by designing the Seller ID's with photographs, depictions, and details of items for retail sale either identical or substantially similar to the Hollow Halloween Works. Many of the Defendants' Seller IDs accept payment in U.S. dollars via credit cards and/or PayPal.

13

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

38.     Defendants solicit, market, and advertise their products in depictions, presentations, photographs, and/or images that are identical or substantially similar to Plaintiff's protected Hollow Halloween Works.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

39.     Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online stores. For example, to avoid detection, Defendants register their online stores using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller IDs listed in Schedule "A" to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and inner workings of their network in order to avoid being shut down.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

40.     There are also similarities among the Defendants' online stores. For example, some of the Defendants' internet stores have virtually identical layouts. In addition, the infringing

depictions on the Defendants' online stores bear similarities and other indicia of being related to one another.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

41. In online copyright infringement cases, such as the Defendants in this case and defendants in other similar cases, use a variety of other common tactics to evade enforcement efforts. For example, pirating copyright infringers like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit by deleting or modifying registration data, it will result in spoliation of evidence and other evidence showing identity of the infringers and the infringing acts.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

42. Further, pirating copyright infringers such as Defendants, typically operate multiple credit card merchant accounts or third party payment processors, including but not limited to PayPal accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

43. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use Plaintiff's Hollow Halloween Works in products depicted

15

in the advertisements, displays, distribution and offers for sale on their internet stores. Each of the Defendants' online stores offers shipping to the United States, including Illinois and each Defendant has offered to sell retail items into Illinois and this District utilizing unauthorized and infringing images of Plaintiff's Hollow Halloween Works.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

44.    Defendants' use of the unauthorized and infringing images from the Hollow Halloween Works in connection with the advertising, distributing, offering for sale, and selling of the retail products causes irreparable harm to Plaintiff.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

**ANSWER TO "COUNT I COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C §101 ET SEQ)"**

45.    Defendants incorporate by reference their responses to Paragraphs 1-44 above as if fully set forth herein.

46.    Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

Answer: Defendants admit that this is an action about copyright. Except as so admitted, the remaining allegations in paragraph 46 are denied. Defendant denies the substance of the alleged claims.

47.     Pursuant to 17 U.S.C. § 411 (a), Plaintiff registered its copyrights for the images in the Halloween Works in the use of advertising, marketing, offering for sale and the distribution of retail products, specifically jewelry. The registrations for the Hollow Halloween Works are valid, subsisting, unrevoked and uncanceled.

Answer: Defendants are without knowledge or information sufficient to form a belief as to any allegations set forth in paragraph 18, and therefore deny the same.

48.     Defendants directly infringed one or more of Plaintiff's exclusive rights in its federally registered Hollow Halloween Works under 17 U.S.C. § 106.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

49.     Defendants copied, displayed, utilized and distributed Plaintiff's copyright protected Hollow Halloween Works and/or prepared derivative works based upon Plaintiff's copyright protected Hollow Halloween Works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

50.     Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's copyright protected Hollow Halloween Works.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

51.     Defendants profited from the direct infringement of Plaintiff's exclusive rights in the Hollow Halloween Works under the Copyright Act.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

52.     Defendants' infringement is not only limited to the acts constituting copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

53.     On information and belief, there is a business practice of infringement by Defendants.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

54.     On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful, wanton and/or reckless disregard of the intellectual property rights of others.

Answer: Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

55.     Plaintiff has been damaged by the Defendants' acts of copyright infringement.

Answer: Denied.

56.     The harm to Plaintiff is irreparable.

Answer: Denied.

57.     Plaintiff is entitled to temporary and permanent injunctive relief from Defendants'

willful infringement.

Answer: Denied.

58.     As a result of Defendants' infringement of Plaintiff's copyrights and exclusive

rights under copyright, Plaintiff is entitled to actual and/or statutory damages, including any profits

obtained by Defendants attributable to the infringements, pursuant to 17 U.S.C. §504 for

Defendants' infringement of the Hollow Halloween Works.

Answer: Denied.

59.     Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in

prosecuting this action.

Answer: Denied.

## ANSWER TO "PRAYER FOR RELIEF"

Plaintiff's prayer for relief is an averment to which no responsive pleading is required.

Plaintiff is not entitled to any of the relief requested by Plaintiff in its Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint, on one or more counts set forth therein, fails to state a claim upon

which relief can be granted. "A shotgun pleading is a complaint that fails to articulate claims with

sufficient clarity to allow the defendant to frame a responsive pleading." *Phillips v. U.S. Equal

Emp. Opportunity Comm'ns*, No. 3:15cv565, 2016 U.S. Dist. LEXIS 72393, 2016 WL 3124623,

at *1 (N.D. Ind. June 1, 2016) (quotations and citation omitted). "[W]here the lack of organization

and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Plaintiff's complaint failed to identify its claim(s) against Defendants. Specifically, Plaintiff's Complaint itself does not contain any indication on what are the exact listings/products that Defendants allegedly infringed Plaintiff's asserted artworks.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

2.      The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use. Under the Copyright Act, the exclusive rights afforded to copyright owners do not extend to "fair uses" of copyrighted works. § 107. Therefore, anyone who makes a fair use of a copyrighted work is not an infringer of the copyright with respect to such use. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 432, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984). Defendants' use of the artworks in their listings is fair use.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.      Plaintiff's claims are barred by laches, in the Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendants' actions. Evidence shows Plaintiff was aware of Defendants' listings years before filing this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

4.      Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

**(Non-Infringement)**

5.   Defendants have not infringed any applicable copyright under federal or state law.

### SIXTH AFFIRMATIVE DEFENSE

**(Copyright Misuse)**

6.      The claims made in the Complaint are barred, in whole or in part, because Plaintiff's use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Act. The doctrine of copyright misuse 'prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly." *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 647 (7th Cir. 2003).

### SEVENTH AFFIRMATIVE DEFENSE

**(Innocent Infringer)**

7.      The claims made in the Complaint are barred, in whole or in part, because Defendants are innocent infringers who "[were] not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). Defendants were not aware of Plaintiff's alleged rights over the claimed artworks before being sued in this case.

### ADDITIONAL DEFENSES

Defendants reserve the right to assert additional affirmative defenses based on information learned or obtained during discovery.

### DEMAND FOR JURY TRIAL

Defendants, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: December 23, 2024         Respectfully Submitted,

By: */s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No. 24067927
[twang@nilawfirm.com](mailto:twang@nilawfirm.com)
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Illinois and all counsel of record were served with the same via ECF.

*/s/ Timothy T. Wang*
Timothy T. Wang