UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Yiwu Baimei Electronic Commerce Co., Ltd., a
Chinese Limited Corporation

                Plaintiff,

v.                                          Case No.:
                                              1:24−cv−08704

                                              Honorable Lindsay C.
                                              Jenkins

The Partnerships And Unincorporated Associations
Identified On Schedule A, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 7, 2025:

        MINUTE entry before the Honorable Lindsay C. Jenkins:Plaintiff has moved to strike Defendants Amolela and Highven's abuse of process and tortious interference with business relationship counterclaims. The motion [296] is granted. To state a claim for abuse of process under Illinois law, Defendant must allege an ulterior purpose and an act in the use of legal process not proper in the regular prosecution of the proceedings. Pace v. Timmerman's Ranch & Saddle Shop Inc., 795 F.3d 748, 757 (7th Cir. 2015) To satisfy this requirement, a plaintiff must plead facts that "show that the process was used to accomplish some result that is beyond the purview of the process." Id. The abuse of process counterclaim as pled does not satisfy these requirements. The allegations state only that Plaintiff has filed over 25 intellectual property lawsuits over the past two years, "trying to extort 'ransom' from market participants who must choose between the cost of settlement and the costs and risks of litigation," and that Plaintiff brought this action without reasonable factual inquiry and without any evidence to support its ex parte temporary restraining order and preliminary injunction. [Dkt. [285] at 20, 3, 4.] These allegations are insufficient on their face to satisfy the pleading requirements of an abuse of process claim. As for the second counterclaim, the elements of a tortious interference with a prospective business relationship claim under Illinois law are: (1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference. Anderson v. Vanden Dorpel, 667 N.E.2d 1296, 1299 (Ill. 1996). Defendants allege that Plaintiff "filed this frivolous copyright claim to obtain disruptive injunctions forcing them to pay an excessive settlement sum at early stage or risk losing business opportunities." They also allege that "instead of resolving any disputes between parties locally in a more efficient and economical way, Plaintiff [] pursued a lawsuit against its local competitors in the United States with a clear intent to interfere with Defendants [] ability to profit from agreements that they had entered into with third parties or to sell products through their Amazon

stores." [Dkt. [285] at 21, 7, 10.] These allegations also won't do. They do not touch upon the facts required for an interference claim, at the very least because there are no facts from which it could be reasonably inferred that Plaintiff engaged in an intentional and unjustified interference that prevented a legitimate expectancy from ripening into a valid business relationship. Given the Seventh Circuit's guidance regarding leave to amend, the Court permits Defendants one opportunity to amend if they believe they can do so consistent with their Rule 11 obligations and this order. Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana, 786 F.3d 510, 518 (7th Cir. 2015). Any amended answer for the purpose of amending the counterclaims is due by May 19, 2025. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.